OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In 1993, Citibank secured a $5.3 million judgment against Martin W. Field. Four years later, Joseph and Tremayne Selig obtained a judgment against Field in the amount of $19.5 million. Thereafter, Prime Motor Inns L.P. (PMI) offered to pay Field $500,000 to abandon his proxy fight for ownership of PMI’s hotels, subject to the approval of the PMI partners. Before the partnership vote, Field executed an instrument entitled “Collateral Assignment” which assigned to Joseph Selig “all sums due and to become due” under the PMI settlement “as security for the payment” of his judgment. Citibank levied upon the $500,000 shortly before Selig filed a UCC-1 statement in New Jersey. After the partners of PMI approved the payment to Field, Citibank initiated this turnover proceeding. Supreme Court and the Appellate Division determined that the Field assignment to Selig was a security interest and that Citibank had a superior right as a lien creditor.
 

 We agree with the courts below that Field provided Selig with a security interest in the settlement payment
 
 (see
 
 UCC former 1-201 [37]; 9-102 [2]), which was subject to the perfection and priority rules of the Uniform Commercial Code
 
 (see Badillo v Tower Ins. Co. of N.Y.,
 
 92 NY2d 790, 794 [1999]). Citibank properly levied upon the $500,000
 
 (see
 
 CPLR 105 [i]; 5232 [a]; Siegel, NY Practice § 491, at 797-799 [3d ed]) before
 
 *745
 
 Selig perfected his security interest and thereby established its superior right to the settlement proceeds (see UCC former 9-301 [1] [b]).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs, in a memorandum.